**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   No. |
|    vs. | ) |
| | ) |
| IZABELLA BIELINSKA AND BIELINSKA | ) |
| LAW, LLC, and CEZARY LAPA | ) |
| | ) |
|    Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Everest National Insurance Company ("Everest"), by and through its counsel, submits this Complaint for Declaratory Judgment under U.S.C. §§ 2201 and 2202 against defendants Izabella Bielinska and Bielinska Law, LLC.

**NATURE OF ACTION**

1. This is an action for declaratory judgment, brought pursuant to U.S.C. §§ 2201 and 2202, seeking a declaration that no coverage exists under two insurance policies issued by Everest.

2. Everest seeks a declaration that it owes no obligation to defend or indemnify Izabella Bielinska or her law firm, Bielinska Law, LLC (collectively "Bielinska"), in connection with a lawsuit styled *Cezary Lapa v. Izabella Bielinska and Bielinska Law, LLC*, Case No. 21 L 008910, pending in the Law Division in Cook County, Illinois ("the Lapa Lawsuit").

3. Bielinska seeks coverage from Everest for the Lapa Lawsuit. Everest has declined coverage to Bielinska for the Lapa Lawsuit. Accordingly, an actual, justiciable controversy exists between the parties which is ripe for adjudication.

**PARTIES**

4. Plaintiff Everest is a Delaware Corporation with its principal place of business in Warren, New Jersey.

5.	Defendant Bielinska Law, LLC is a law firm and limited liability company organized under the laws of the State of Illinois with its principle place of business in Chicago, Illinois.

6.	Defendant Izabella Bielinska is the sole member of Bielinska Law, LLC, is a resident of Illinois, and is an attorney licensed to practice law in Illinois.

7.	Nominal defendant Cezary Lapa is a resident of Chicago, Illinois.

8.	Mr. Lapa is a nominal defendant named as an interested and necessary party to this declaratory judgment action by virtue of his status as plaintiff in the underlying Lapa Lawsuit. *See Williams v. Madison County Mut. Auto. Ins. Co.*, 40 Ill.2d 404 (Ill. 1968); *Hapag-Lloyd (America), Inc. v. Home Ins. Co.*, 312 Ill. App.3d 1087 (Ill. App. Ct. 1st Dist. 2000); *Society of Mount Carmel v. National Ben Franklin Ins. Co. of Illinois*, 268 Ill. App.3d 655 (Ill. App. Ct. 1st Dist. 1994*); Flashner Medical Partnership v. Marketing Management, Inc.*, 189 Ill. App.3d 45 (Ill. App. Ct. 1st Dist. 1989).

## JURISDICTION AND VENUE

9.	This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), because there is complete diversity between the plaintiff and defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.

10.	Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because two of the defendants reside in this District and a substantial part of the events giving rise to this claim occurred in this District.

**FACTUAL BACKGROUND**

**A.** *The Lapa Lawsuit*

11. Cezary Lapa filed his complaint in the Lapa Lawsuit on September 3, 2021. A true and correct copy of the Underlying Complaint is attached hereto as Exhibit A.

12. The Complaint alleges professional malpractice against Bielinksa in connection with their representation of the underlying plaintiff, Cezary Lapa.

13. The Complaint alleges that Cezary Lapa engaged Bielinska in May 2016 to represent him in pursuing a claim against Allstate Insurance Company in connection with Allstate's alleged failure to cover flood damage at his business that was the result of burst plumbing.

14. The alleged flood loss took place on April 30, 2016.

15. The Allstate policy allegedly contained a suit limitation provision stating that any lawsuit brought against Allstate under the policy must be brought within two years of the date on which the physical loss or damage occurred.

16. The Complaint alleges that Bielinska negligently failed to file a lawsuit against Allstate within the two-year suit limitation period – by April 30, 2018 – and did not file the lawsuit until February 11, 2019.

17. As a result, the Mr. Lapa's lawsuit against Allstate was dismissed with prejudice on September 10, 2019.

18. The Complaint in the Lapa Lawsuit seeks damages in the sum of $180,000, plus costs.

19. On May 16, 2022, a default order and judgment was entered in the Lapa Lawsuit against Bielinska and in favor of Mr. Lapa entering judgment in the amount of $120,000 plus costs.

**B.** *The Policies*

20. Everest issued two Everest Elevation® Lawyers Professional Liability Policies to Bielinska Law under policy numbers EML0000721-201 (the "20-21 Policy") and EML0000721-211 (the "21-22 Policy") for the policy periods of December 16, 2020 to December 16, 2021, and December 16, 2021 to December 16, 2022, respectively (collectively, the "Policies"). True and correct copies of the Policies are attached hereto as Exhibits B and C, respectively.

21. The Policies contain an insuring agreement, amended by Endorsement No. 6, which states in relevant part as follows:

> The Insurer shall pay on behalf of the **Insured**, all **Loss** in excess of the Deductible, resulting from any **Claim** first made against the **Insured** during the **Policy Period** and reported during the **Policy Period** or **Extended Reporting Period**, if exercised, arising out of a **Wrongful Act** committed after the **Retroactive Date**, provided that:
>
> (i) as of the inception of the first lawyers professional liability policy issued by the Insurer to the **Named Insured** (and continuously renewed and maintained in effect prior to the inception date of this Policy, as referenced in ITEM 2 of the Declarations), no **Insured** had knowledge of any fact, circumstance, situation or **Wrongful Act**, that was reasonably likely to give rise to a **Claim** or **Expense Event** that would fall within the scope of coverage provided by this Policy; and
>
> (ii) no Insured gave notice of such **Claim** or **Wrongful Act** or a **Related Claim**, **Interrelated Wrongful Act**, or **Expense Event to any prior insurer**.

The EXCLUSIONS in Section III.L and III.M are deleted.

22. The Policies define "Retroactive Date" in Section XX – DEFINITIONS, Part. Z., to mean the date specified in ITEM 8 of the Declarations. ITEM 8 of the Policies' respective Declarations identifies the Retroactive Date as December 16, 2020.

23. Endorsement No. 5 to the Polices adds the following exclusion to Section III:

> This Policy does not apply to any **Claim** or **Expense Event** based upon, arising out of or attributable to, directly or indirectly, in whole or in part, any **Wrongful Act**

4

actually or allegedly committed by an **Individual Insured** referenced in the **Schedule** below, prior to the corresponding **Retroactive Date** referenced therein.

### SCHEDULE

| INDIVIDUAL INSURED(S) | RETROACTIVE DATE |
|---|---|
| Izabella Bielinska | 12/16/2020 |

24. By letter dated May 13, 2022, Everest declined coverage to Bielinska in connection with the Lapa Lawsuit and requested that Bielinska consider withdrawing the claim for coverage.

25. Bielinska did not respond to Everest's requests, necessitating this declaratory judgment action.

### COUNT I – DECLARATORY JUDGMENT
**Insuring Agreement Not Satisfied**

26. Everest incorporates and restates its allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27. An actual case or controversy exists between the parties concerning coverage under the Everest Policies for the Lapa Lawsuit.

28. The Polices' insuring agreement provides that coverage is only afforded for a Claim first made against any Insured during the Policy Period arising out of a Wrongful Act committed after the Policies' Retroactive Date of December 16, 2020.

29. The Lapa Lawsuit alleges a Wrongful Act — the negligent failure by Bielinska to file Mr. Lapa's lawsuit against Allstate – that was committed on or before April 30, 2018, the date upon which Mr. Lapa's lawsuit against Allstate needed to be filed pursuant to the Allstate suit limitation provision.

30. Accordingly, the acts or omissions alleged in the Lapa Lawsuit took place prior to Retroactive Date of December 16, 2020.

31. The Lapa Lawsuit, therefore, does not satisfy the Polices' insuring agreement.

32. Everest therefore seeks a judicial declaration pursuant to U.S.C. §§ 2201 and 2202 that it has no duty to defend or indemnify Bielinska in connection with the Lapa Lawsuit.

### COUNT II – DECLARATORY JUDGMENT
**Exclusion Under Endorsement No. 5**

33. Everest incorporates and restates its allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

34. An actual case or controversy exists between the parties concerning coverage under the Everest Policy for the Lapa Lawsuit.

35. Endorsement No. 5, which was added to the Polices' exclusions listed in Section III, precludes coverage for a Claim based upon, arising out of or attributable to, directly or indirectly, in whole or in part, any Wrongful Act actually or allegedly committed by an Individual Insured referenced in the Schedule, prior to the corresponding Retroactive Date referenced therein.

36. The Lapa Lawsuit is based upon, arises out of and is attributable to alleged Wrongful Acts that took place prior to the Retroactive Date of December 16, 2020 and is therefore excluded from coverage under Endorsement No. 5

37. Everest therefore seeks a judicial declaration pursuant to U.S.C. §§ 2201 and 2202 that it has no duty to defend or indemnify Bielinska in connection with the Lapa Lawsuit.

### COUNT III – DECLARATORY JUDGMENT
**Other Policy Terms, Conditions and Exclusions**

38. Everest incorporates and restates its allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

39. An actual case or controversy exists between the parties concerning coverage under the Everest Polices for the Lapa Lawsuit.

40. Other terms, conditions and exclusions of the Everest Polices may bar or limit coverage and Everest reserves the right to rely on such terms, conditions and exclusion as appropriate given information developed through discovery in this matter.

41. Everest therefore seeks a judicial declaration pursuant to U.S.C. §§ 2201 and 2202 that it has no duty to defend or indemnify Bielinska in connection with the Lapa Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Everest National Insurance Company, respectfully requests that this Court find in their favor and enter judgment as follows:

(a) Judicial declaration that Everest has no duty to defend Izabella Bielinska and Bielinska Law, LLC under Policy Nos. EML0000721-201 and EML0000721-211 in connection with the Lapa Lawsuit;

(b) Judicial declaration that Everest has no duty to indemnify Izabella Bielinska and Bielinska Law, LLC under Policy Nos. EML0000721-201 and EML0000721-211 in connection with the Lapa Lawsuit; and

(c) Any further relief that this Court deems just and equitable under the circumstances.

Dated: June 29, 2022 *Respectfully Submitted,*

**WALKER WILCOX MATOUSEK LLP**

By: */s/ Fred L. Alvarez*
Attorneys for Everest National Insurance Company

Fred L. Alvarez (*falvarez@walkerwilcox.com*)
Kevin A. Lahm (*klahm@walkerwilcox.com*)
Kevin D. Kojs (*kkojs@walkerwilcox.com*)
WALKER WILCOX MATOUSEK LLP
One North Franklin, Ste. 3200
Chicago, Illinois 60606
(312) 244-6700